CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
JUL 2 2 2005
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| THOMAS B. FORD, JR., | ) |
| Plaintiff, | ) Civil Action No. 5:03CV00024 |
| v. | ) MEMORANDUM OPINION |
| GENERAL ELECTRIC LIGHTING, LLC., | ) By: Samuel G. Wilson |
| Defendant. | ) United States District Judge |

This matter is before the court on plaintiff Thomas B. Ford, Jr.'s motion for review of defendant General Electric Lighting, LLC's ("General Electric") Bill of Costs. The court has reviewed the filings and finds that no hearing is necessary. Following entry of summary judgment in its favor, General Electric filed a Bill of Costs seeking an award of $9.934.41 in costs, including $923.50 for service of process fees, $8128.39 for deposition costs, $472.52 in printing costs, and $410 in witness fees. Ford objects to the service of process fees and the deposition costs. The court finds that General Electric's deposition costs are excessive and that General Electric cannot recover private process server fees. Accordingly, the court reduces the taxation of costs and awards General Electric $3880.37.

I.

Ford filed this 42 U.S.C. § 1981 action in April 2003 after his employer fired, and later reinstated on identical conditions, both Ford, an African-American, and William Heller, a Caucasian, for fighting on company grounds. In February 2004, the court found that Ford had failed to establish a prima facie case of either discrimination or retaliation and granted summary judgment in favor of General Electric on all of Ford's claims. General Electric filed an extensive

Bill of Costs, seeking recovery of costs for thirty-one depositions of twenty-five people, six of whom were deposed twice. It also seeks recovery of costs for service of process, printing, and witness fees.

## II.

The court finds General Electric's Bill of Costs excessive and reduces it accordingly. General Electric did not obtain leave of court to take additional depositions and, given the relatively simple resolution of this case, the court finds that thirty-one depositions were not "reasonably necessary" for disposition of this matter. In addition, the court declines to award costs for service of process made by private process servers.

### A. Deposition Costs

General Electric seeks to recover $8128.39 in deposition costs. The court denies recovery of $5130.54 in deposition costs because the depositions were not "necessary to counsel's effective performance and proper handling of the case." Scallet v. Rosenblum, 176 F.R.D. 522, 526 (W.D. Va. 1997) (quoting Maricoin, Inc. v. Edwin K. Williams & Co., Inc., 88 F.R.D. 588, 599 (E.D. Va. 1980)). General Electric is entitled to recover $2997.85.

First, the court notes that General Electric did not seek leave to take more than ten depositions or to depose anyone more than once. See Fed.R.Civ.P. 30. The court therefore excludes the costs associated with the second depositions of Rachel Franklin, Richard Calvaruso, and Chuong Ngo. In addition, the court finds that, even if General Electric had sought permission pursuant to Rule 30 to take additional depositions, a number of depositions were not reasonably necessary because they had no "connection to the dispositive motion that terminated the litigation." Wyne v. Medo Indus. Inc., 329 F. Supp. 2d 584, 589 (D. Md. 2004). The court

2

Case 5:03-cv-00024-SGW  Document 89  Filed 07/22/05  Page 2 of 4  Pageid#: 111

finds that only the depositions of Thomas Ford, Jr., William Heller, Rachel Franklin, Richard Calvaruso, Michael Pryor, Thomas DeMayo, William Webster, Guy Sager, Charles Colliflower, Sr., and Chuong Ngo were necessary for "proper handling" of the case. Accordingly, only the costs associated with these depositions are recoverable.

B.  Service of Process Fees

General Electric also seeks to recover $932.50 in fees for service of process made by private process servers. However, 28 U.S.C. § 1920(1), provides only for recovery of "[f]ees of the clerk and marshal." Service of process by private process servers is not taxable. See Cofield v. Crumpler, 179 F.R.D. 510, 515 (E.D. Va. 1998). Accordingly, the court will not permit recovery of costs associated with private process servers.

C.  Witness Fees

Finally, General Electric seeks $410.00 in fees for witnesses who were subpoenaed but did not testify. Once a witness has been summoned to testify, he is available to testify, and it is that availability which is compensated. See Hurtado v. United States, 410 U.S. 578 (1973).[1] General Electric can therefore recover $410 in witness fees and mileage.

### III.

For the reasons stated, the court will permit General Electric to recover the following: $2997.85 for deposition costs; $472.52 for printing costs; and $410 for witness fees.

---

[1] Under 28 U.S.C. § 1821, a witness in any court of United States shall receive $40 for each day's attendance and shall also be paid the attendance fee for the time necessarily occupied in going to and returning from the place of attendance. 28 U.S.C. § 1821(b).

3

ENTER: This 22nd day of July, 2005.

_____
UNITED STATES DISTRICT JUDGE