CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 1 2 2005

JOHN F. CORCORAN, CLERK
BY:
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| THOMAS B. FORD, JR., <br><br> Plaintiff, <br><br> v. <br><br> GENERAL ELECTRIC LIGHTING, LLC, <br><br> Defendant. | Civil Action No. 5:03CV00024 <br><br> **MEMORANDUM OPINION & ORDER** <br><br> By: Samuel G. Wilson <br> United States District Judge |

This matter is before the court on defendant General Electric Lighting, LLC's, ("General Electric") Rule 59(e) motion to alter or amend the court's Order of July 22, 2005, in which it awarded General Electric $3,880.37 in costs. General Electric claims that the July 22 Order contains errors of fact that should be corrected to prevent a manifest injustice. For the reasons set forth below, the court grants General Electric's motion to amend.

I.

General Electric, the prevailing party in this employment action, initially filed a Bill of Costs seeking to recover a total of $9,934.41 for deposition costs, service of process fees, printing costs, and witness fees. The court denied recovery of $5,130.54 in deposition costs because it found that these costs were not "reasonably necessary" for the proper handling of this case. The court noted that General Electric had submitted costs associated with thirty-one depositions, but that it submitted only ten depositions in connection with its motion for summary judgment.

In its motion, General Electric asks the court to correct a factual error in its July 22 Order,

in which the court found that General Electric took thirty-one depositions without obtaining leave of court. In fact, of the thirty-one depositions listed in General Electric's Bill of Costs, only three were noticed and taken by the defendant. The plaintiff noticed and took the remaining twenty-eight depositions with leave granted by the U.S. Magistrate Judge.

The court finds, given the facts before it, that General Electric's costs associated with the depositions used in connection with the summary judgment motion, including those submitted by the plaintiff, were "reasonably necessary." Accordingly, the court awards General Electric costs for obtaining transcripts of the ten depositions identified in the court's July 22 order, as well as the eight additional depositions submitted by the plaintiff in its opposition brief.

In his initial objections to General Electric's Bill of Costs and motion for review, Ford raised several objections to deposition costs. Ford claims that the invoices submitted to the court include non-recoverable costs such as costs for postage, word indexes, exhibits, minuscripts, and disks. See Scallet v. Rosenblum, 176 F.R.D. 522 (W.D. Va. 1997). However, the court has no way to determine the cost of the deposition transcript without additional non-recoverable costs.

Accordingly, the court awards General Electric costs for obtaining transcripts of the following depositions:

| | |
|---|---|
| Thomas Ford | $1,324.40 |
| William Heller | $ 333.85 |
| Rachel Franklin (Oct 8) | $ 549.60 |
| Richard Calvaruso (Oct 10) | $ 409.00 |
| Richard Calvaruso (Nov 20) | $ 474.00 |
| Michael Pryor | $ 114.25 |
| Thomas DeMayo | $ 119.25 |
| William Webster | $ 89.90 |
| Guy Sager | $ 17.40 |
| Charles Colliflower | $ 12.60 |
| Chuong Ngo (Dec 10) | $ 12.60 |

2

| | |
|---|---|
| Chuong Ngo (Dec 17) | $ 92.80 |
| Ron Sine | $ 117.50 |
| Steve Johnson | $ 249.00 |
| Kim Christian | $ 120.75 |
| Roy Kirby | $ 129.15 |
| Donizetti Worrell | $ 172.40 |
| Kurt Meier | $ 121.90 |

Th court will also award General Electric the following costs:

    Rachel Franklin (Nov 20): cost for transcript of deposition
    Linda Carter: cost for transcript of deposition
    Patricia Fitzwater: cost for transcript of deposition

## II.

For the reasons stated, it is hereby **ORDERED** and **ADJUDGED** that General Electric's motion to amend the court's July 22 Order is **GRANTED**. The parties are **DIRECTED** to submit a proposed order memorializing the court's award of $410 in witness fees, $472.52 in copying costs, and the allowable costs of deposition transcripts.

**ENTER:** This 12th day of August, 2005.

                                                    UNITED STATES DISTRICT JUDGE